O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>     JS - 6

Case No.    ED CV 08-01631-SGL(PJWx)                             Date:  January 20, 2009

Title:     LUIS A. SOTO -v- TRUSTEE CORPS, ET AL.
=======================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          Jim Holmes                              None Present
          Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                             None present

PROCEEDINGS:   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; ORDER
               GRANTING MOTION TO EXPUNGE LIS PENDENS; ORDER VACATING
               HEARING DATE

       On December 3, 2008, defendant filed a motion to dismiss, or in the alternative, for summary judgment on all the claims in the complaint, and a motion to expunge lis pendens. The caption on defendant's motions showed that the hearing on them was noticed for March 2, 2009. The Court thereafter re-scheduled the hearing on all the motions to January 26, 2009.  In the order re-scheduling the matter to the present hearing date, plaintiff was specifically apprised that he had until January 15, 2009, to file an opposition to the motions.

       This district's Local Rules provide that "[e]ach opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than fourteen (14) days before the date designated for the hearing of the motion in all other instances." <u>See</u> Local Rule 7-9. Accordingly, plaintiff had until January 15, 2009, to file an opposition to defendant's motions.  The time for plaintiff to file his opposition has come and gone without him doing so.

       Plaintiff's failure to file an opposition to defendant's motion to dismiss or motion to expunge is deemed by this Court as plaintiff's consent to the granting of the same. <u>See</u> Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion"); <u>see</u> also <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th

ED CV 08-01631-SGL(PJWx)
LUIS A. SOTO v TRUSTEE CORPS, ET AL.
MINUTE ORDER of January 20, 2009

Cir. 1995) (holding that district court did not err in summarily granting defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to motion but failed to do so).

    Accordingly, defendant's motion to dismiss is **GRANTED** and all the claims in the complaint are hereby **DISMISSED**.  Moreover, defendant's motion to expunge is similarly **GRANTED**.

    The previously noticed January 26, 2009, hearing on all the motions is hereby **VACATED**.

    IT IS SO ORDERED.